Yen-Xiu v. Garland

BIA
Zagzoug, IJ
A208 196 709

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-four.

PRESENT:
   DEBRA ANN LIVINGSTON,
    *Chief Judge,*
   JOHN M. WALKER, JR.,
   MYRNA PÉREZ,
    *Circuit Judges.*

_____

LIN YEN-XIU,
   *Petitioner,*

   v.           **21-6149**
                  **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

**FOR PETITIONER:**           John S. Yong, New York, NY.

**FOR RESPONDENT:**           Brian M. Boynton, Acting Assistant Attorney
                              General, Civil Division; Anthony C. Payne,
                              Assistant Director, Office of Immigration
                              Litigation; Jennifer A. Bowen, Trial Attorney,
                              Office of Immigration Litigation, United States
                              Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Yen-Xiu, a native and citizen of the People's Republic of China, seeks review of a March 2, 2021 decision of the BIA affirming an August 2, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Yen-Xiu*, No. A208 196 709 (B.I.A. Mar. 2, 2021), *aff'g* No. A208 196 709 (Immig. Ct. N.Y. City Aug. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be

2

compelled to conclude to the contrary."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations "under the substantial evidence standard").

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b)(1) & (2). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the . . . testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). "In order for an alien's testimony to carry the day on its own, the statute requires the alien to satisfy the trier of fact on all three counts—showing his testimony is credible, is

persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1680 (2021) (quotation marks omitted). The agency did not err in concluding that Lin failed to meet his burden of proof given the issues regarding his credibility and his failure to present reliable or reasonably available corroboration.

I.    Credibility

An IJ "may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, [and] the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)." 8 U.S.C. § 1158(b)(1)(B)(iii).    Substantial evidence supports the agency's conclusion that Lin was not credible as to his claim that he was arrested and detained for attending an underground church in China.  We defer to the IJ's determination that Lin's demeanor and lack of responsiveness undermined his credibility because an "IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent

4

cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, the record reflects that, among other issues, counsel had to repeatedly ask Lin how many people beat him when he was arrested, he was initially unresponsive when asked about a fine receipt, and he paused when asked to name his church in the United States.

Lin's inconsistent statements about how long the police detained him adds substantial support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). He stated in his written statement and testimony that the police detained him for three days, but he told an asylum officer that he was detained for fifteen days. The agency was not required to credit his explanation that the interpreter at the interview was not very good because he had confirmed he understood the interpreter and the interview record reveals that he both stated that he was detained for fifteen days and gave specific dates fifteen days apart for his detention and release. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Further, the agency did not err in relying on the record of the credible fear interview. The

5

agency may rely on such a record if it is sufficiently reliable, *i.e.,* if it was "(1) conducted in a non-coercive and careful manner, and (2) appropriately documented." *Ming Zhang v. Holder*, 585 F.3d 715, 725–26 (2d Cir. 2009). Lin's interview was conducted in Mandarin, which he testified he spoke fluently; he told the asylum officer he understood the interpreter; the interview was recorded in a typewritten document setting forth questions and answers; and the interviewing officer explained the purpose of the interview and importance of providing accurate testimony, clarified questions, and asked questions to elicit an asylum claim, including multiple questions about Lin's detention.

Given the demeanor finding and this inconsistency about the sole incident of persecution, substantial evidence supports the adverse credibility determination even absent the IJ's other findings. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *see also Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (holding that "we may . . . deem remand futile . . . if (1) substantial evidence . . . [,] considered in the aggregate, supports the IJ's finding that petitioner lacked credibility" and (2) "we can state with confidence

6

that the IJ would adhere to his decision were the petition remanded" (quotation marks omitted)).

II.     Corroboration

Lin did not rehabilitate his credibility or otherwise meet his burden of proof. "An applicant's failure to corroborate . . . may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). And "an applicant may be generally credible[,] but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018).

The agency did not err in declining to give weight to the letter from Lin's mother and the fine receipt because the letter was produced for litigation, his mother was not available for cross-examination, and his testimony about the fine receipt was not responsive. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Nor does the fine receipt resolve the inconsistency

7

regarding the length of detention because it is dated June 10, 2015, but Lin stated at his interview that he was not released until June 23, 2015.

Nor did the IJ err in requiring additional corroboration from Lin about his church attendance in the United States between 2015 and 2017 because he testified that his cousin had attended church with him. Lin variously said his cousin could not provide a letter because he was in Long Island, in upstate New York, or working in a restaurant and not well-educated. These explanations do not show that a written statement or testimony was unavailable given the length of time Lin had to prepare for his hearing. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence."). Lin also did not produce a letter from the individual who introduced him to Christianity in China, or otherwise sufficiently explain why he was unable to produce such a letter.

In sum, the agency did not err in finding that Lin failed to meet his burden of proof given his lack of credibility and failure to provide reliable or reasonably available corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no

reasonable fact-finder could make such an adverse credibility ruling.").   We note that the BIA found that Lin had waived withholding and CAT relief, but did not explain why those forms of relief had to be argued separately where, as here, the IJ denied them on the same grounds as asylum.   We do not remand on this basis because the agency's conclusion that Lin was not credible and that he failed to meet his burden of proof as to asylum is dispositive because all three forms of relief were based on the same factual predicate.   *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9